IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| JAMES E. FOWLER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:23-cv-00046 |
| SGT. NICK BATTS, | ) ) | JUDGE CAMPBELL |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

James Fowler, an inmate of the Hickman County Jail proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1.) After the Court denied his initial application to proceed as a pauper for lack of supporting documentation, Plaintiff has now provided proof of his six-month inmate trust account history. (Doc. No. 8.)

The case is before the Court for ruling on Plaintiff's pauper status and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### **I. PAUPER STATUS**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's recent filing that he lacks the funds to pay the entire filing fee in advance, the Court **GRANTS** him pauper status and **ASSESSES** a $350 filing fee.[1]

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which authorizes a federal suit against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983.

**B. Analysis**

Plaintiff, a pretrial detainee at the Hickman County Jail, sues Jail Administrator Nick Batts, alleging that on June 24, 2023, Batts came into Plaintiff's pod "in a[n] aggressive manner" and began to assault him. (Doc. No. 1 at 5.) He grabbed Plaintiff, twisted his arm, slammed him into walls and doors, choked him, and put a taser in his stomach, then walked Plaintiff into booking where he "slammed [him] into another wall with his arm on [Plaintiff's] neck" and threw him into a holding cell. (*Id.*) Plaintiff was injured but was never allowed to see a nurse. (*Id.*) He sues Batts in both his individual and official capacity, seeking damages and injunctive relief. (*Id.*)

Plaintiff asserts what amounts to a claim of excessive force. Because he is a pretrial detainee, that claim arises under the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015); *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). To prevail on such a claim, Plaintiff "must show only that the force purposely or knowingly used against him was objectively unreasonable," not that Batts intended to harm him. *Kingsley*,

3

576 U.S. at 396–97 (rejecting application in the pretrial detention context of "a subjective standard that takes into account a defendant's state of mind"). The Supreme Court has identified a non-exclusive list of factors that might be relevant to the determination of whether the force used was objectively reasonable: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397.

At this initial stage, and liberally construing the Complaint's allegations in the light most favorable to Plaintiff, he states a colorable claim of excessive force. It is unclear from his allegations whether Plaintiff was resisting Batts's orders or whether Batts otherwise had reason to be aggressive towards him. The extent of Plaintiff's injuries is also unclear. But because the inquiry into whether a use of force is excessive is "highly fact-dependent," *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 538 (6th Cir. 2015), and the limited facts alleged in the Complaint are sufficient for the Court to reasonably infer at this stage that the force used by Batts was gratuitous and therefore not objectively reasonable, the individual-capacity claim against him will proceed for further development.

However, the claim against Batts in his official capacity is tantamount to a claim against his municipal employer, Hickman County. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). To advance such a claim, Plaintiff must specify "a policy or custom of the municipality [that] was the 'moving force' behind the deprivation of [his] rights." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010). The Complaint does not allege that any Hickman County policy or custom motivated Batts to assault Plaintiff on June 24. Accordingly, the official-capacity claim against Batts will not be allowed to proceed.

4

## III. PENDING MOTIONS

Plaintiff has filed two motions seeking transfer due to the treatment he has received at the Hickman County Jail since filing this action. (Doc. Nos. 6 and 9.) He has also filed a motion for "a transport for court" (Doc. No. 7), which he does not further explain. Finally, Plaintiff has filed a motion for extension of time to file proper trust fund paperwork in support of his pauper application. (Doc. No. 10.)

In light of the Court's ruling herein with regard to pauper status, Plaintiff's motion for extension of time (Doc. No. 10) is **DENIED** as moot.

As to Plaintiff's motions for transfer from the Hickman County Jail, "placement of prisoners is a matter left to the discretion of state officials, and a prisoner has no constitutional right or protected liberty interest to be housed in any particular facility or unit." *Sherman v. Washington Cnty. Det. Ctr.*, No. 2:16-CV-27-TWP-MCLC, 2018 WL 1405279, at *3 (E.D. Tenn. Mar. 20, 2018) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983)). The Supreme Court has stated that "[t]he federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973)). Likewise with regard to county jails, absent extraordinary circumstances, the Court is not inclined to micro-manage such facilities and force a transfer (or transport) of an inmate in state confinement. Accordingly, Plaintiff's motions for transfer (Doc. Nos. 6, 9) and transport (Doc. No. 7) are **DENIED** without prejudice.

## IV. CONCLUSION

As explained above, Plaintiff states a nonfrivolous claim against Defendant Batts in his individual capacity. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form). Plaintiff **MUST** complete the service packet and return it

to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE