IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

JAMES E. FOWLER )
)
v. ) Case No. 1:23-cv-00046
)
NICK BATTS )

TO: Honorable William L. Campbell, Jr., Chief United States District Judge

R E P O R T   A N D   R E C O M E N D A T I O N

By Memorandum Opinion and Order entered November 17, 2023 (Docket Entry No. 12), this *pro se* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 21) of Defendant Nick Batts. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and this action be **DISMISSED**.

I. BACKGROUND

James E. Fowler ("Plaintiff") filed this *pro se* and *in forma pauperis* lawsuit on July 26, 2023, seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. *See* Complaint (Docket Entry No. 1). Plaintiff's lawsuit is based upon events that occurred when he was confined as a pretrial detainee at the Hickman County Jail ("Jail") in Centerville, Tennessee. Plaintiff is currently in the custody of the Tennessee Department of Correction ("TDOC"). *See* Notice of Change of Address (Docket Entry No. 20).

Plaintiff alleges that, on June 24, 2023, he was physically assaulted at the Jail by Jail Administrator Nick Batts ("Batts") when Batts twisted his arm, slammed him into walls and doors, choked him, and put a taser in his stomach. *See* Complaint at 5. Plaintiff alleges that he suffered injuries as a result of this unprovoked attack. *Id*.

Upon initial review of the complaint under 28 U.S.C. §§ 1915(A)(b) and 1915(e)(2), the Court dismissed Plaintiff's official capacity claim against Batts and Plaintiff's request for injunctive relief but permitted a claim for damages to proceed against Batts in his individual capacity based on the allegation that Batts used excessive force against Plaintiff in violation of his Fourteenth Amendment rights. *See* Memorandum Opinion and Order at 3-5. After Batts filed an answer (Docket Entry No. 162), a scheduling order was entered that provided for a period of discovery and pretrial activity in the action. *See* Docket Entry No. 18. There are no motions pending in the case other than Defendant's motion for summary judgment. A trial has not yet been scheduled in the case.

## II. MOTION FOR SUMMARY JUDGMENT

In accordance with the scheduling order deadlines, Defendant Batts filed the pending motion for summary judgment on August 30, 2024. Defendant acknowledges that an incident involving Plaintiff and officers at the Jail, including himself, occurred on June 24, 2023. However, in contrast to Plaintiff's allegations, Defendant asserts that a small measure of physical force was used against Plaintiff, consisting of a "soft-handed technique," to control him after he became disruptive, verbally abusive, and combative at the Jail and refused orders from jail staff. *See* Memorandum of Law (Docket Entry No. 22). Defendant denies that any excessive force was used against Plaintiff or that Plaintiff suffered any type of injury because of the incident. *Id*.

In addition to attacking the merits of Plaintiff's claim, Defendant Batts raises the affirmative defenses of qualified immunity and lack of exhaustion of administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e. Defendant supports his motion with a memorandum of law, a statement of undisputed material facts (Docket Entry No. 23), his own declaration (Docket Entry No. 21-3), and the declarations of four Jail staff members (Docket Entry Nos. 21-1, 21-2, 21-4, and 21-5).

Plaintiff was notified of the motion, informed of the need to respond, and given an extended deadline of October 18, 2024, to file a response. *See* Order entered September 4, 2024 (Docket Entry No. 24). Plaintiff was specifically warned that his failure to file a timely response could result in the dismissal of the action. (*Id*. at 2.) Despite being given significantly more time to file a response than is provided for by the Local Rules, Plaintiff has not filed a response of any kind to the motion.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A genuine issue of material fact is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Id.* at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the

complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

### IV. ANALYSIS

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review and to have process issued to Defendant Batts, Plaintiff has not responded to the arguments for summary judgment made by Defendant, has not responded to Defendant's statement of undisputed material facts as required by Local Rule 56.01(f),[1] and has not set forth any evidence or argument supporting his claim.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion is, the non-moving party may not merely rest on the allegations contained in the complaint but must respond with affirmative evidence supporting his claim and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all

---

[1] Local Rule 56.01(f) provides that, upon Plaintiff's failure to respond to Defendant's statement of undisputed material facts, the asserted facts are deemed to be undisputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012); *see also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Defendant presents a valid failure to exhaust defense. The PLRA requires that a prisoner must first exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Administrative exhaustion is mandatory and requires the prisoner plaintiff to present his grievance through "one complete round" or through all the steps of the administrative grievance procedure. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). Once the PLRA defense is raised and supported by the moving party, the prisoner plaintiff must present affirmative evidence showing that he has complied with the PLRA's requirement of exhaustion. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendant sets forth evidence that the Jail has a process permitting inmates to file grievances but that there is no record of Plaintiff having filed a grievance about the incident at issue. *See* Declaration of Joey Cox (Docket Entry No. 21-2); Statement of Undisputed Material Facts at ¶¶ 19-20. In the face of this evidence, Plaintiff must rebut Defendant's exhaustion

defense by presenting "significant probative evidence" showing compliance with the PLRA. *Napier*, *supra*. Plaintiff has not set forth any evidence meeting this burden and rebutting Defendant's contention that he failed to fully pursue his claim through the administrative grievance process prior to filing his lawsuit. Accordingly, Plaintiff's lawsuit should be dismissed because of his failure to comply with the mandatory exhaustion requirement of the PLRA.

Defendant's assertion of qualified immunity also provides a basis for granting summary judgment. Qualified immunity protects government officials from civil damages "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Reich v. City of Elizabethtown, Ky.*, 945 F.3d 968, 977 (6th Cir. 2019) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). When the defense of qualified immunity is asserted by a defendant, the plaintiff bears the burden of overcoming the defense and affirmatively showing that the defendant is not entitled to qualified immunity. *Mosier v. Evans*, 90 F.4th 541, 546 (6th Cir. 2024); *McDonald*, 814 F.3d at 812; *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013). Plaintiff's failure to respond to Defendant's assertion of qualified immunity is a sufficient basis upon which to grant Defendant's motion for summary judgment based on qualified immunity. *Mosier v. Evans*, 90 F.4th 541, 548 (6th Cir. 2024) (the defendant is entitled to qualified immunity because the plaintiff's cursory briefing makes no attempt to meet his burden of showing that the defendant violated his clearly established rights); *Winter v. City of Westlake, Ohio*, 2018 WL 838283, at *9 (N.D. Ohio Feb. 13, 2018) ("Having moved for qualified immunity, Defendants have raised the defense and Plaintiffs' failure to respond militates in favor of judgment for Defendants since Plaintiffs have not met their burden.").

Finally, in light of the unrebutted and undisputed evidence before the Court, Defendant is entitled to summary judgment on the merits of Plaintiff's claim that Defendant used unconstitutional force against Plaintiff. Defendant has set forth undisputed evidence that Plaintiff was not assaulted as alleged but, instead, that only minimal force was used against Plaintiff as was necessary to gain control over him after he was combative, verbally abusive, and non-compliant with verbal orders from jail staff. *See* Declarations of Jamie Bragg (Docket Entry No. 21-1), Batts (Docket Entry No. 21-3), David Jenkins (Docket Entry No. 21-4), and Mason Quillen (Docket Entry No. 21-5); SUMF at ¶¶ 1-18.

Plaintiff is not entitled to a trial on his claim merely based on the allegations of his complaint. *Goins*, *supra*. Plaintiff must buttress the allegations of his complaint with evidence supporting his claim. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). He has not done so. Based on the evidence before the Court, no reasonable jury could find that Defendant Batts acted in a manner that was inconsistent with Plaintiff's constitutional rights as a pretrial detainee. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Defendant is therefore entitled to summary judgment.

## R E C O M M E N D A T I O N

For all these reasons, it is respectfully **RECOMMENDED** that the motion for summary judgment (Docket Entry No. 21) of Defendant Nick Batts be **GRANTED** and that this action be **DISMISSED WITH PREUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge
